# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

DOCTOR JOHN'S, INC., an Iowa
Corporation,

        Plaintiff,

vs.

CITY OF SIOUX CITY, IOWA,

        Defendant.

No. C 03-4121-MWB

**MEMORANDUM OPINION AND
ORDER REGARDING PLAINTIFF'S
MOTION TO RECONSIDER OR
AMEND JUDGMENT OR ORDER
FILED JULY 21, 2006**

---

This matter comes before the court pursuant to the plaintiff's July 31, 2006, Motion To Reconsider Or Amend Judgment Or Order Filed July 21, 2006 (docket no. 137). The plaintiff seeks reconsideration or amendment of the order in question, which is published at *Doctor John's, Inc. v. City of Sioux City*, 438 F. Supp. 2d 1005 (N.D. Iowa 2006), in two respects: (1) that, contrary to the court's finding, the plaintiff did not concede that only rational basis scrutiny applies to the non-media provisions of the subject ordinances; and (2) that the court's ruling on the "civil disability" provision of the ordinances was without the benefit of a response by the plaintiff, because the defendant's main argument on the issue was only presented in the defendant's reply, and that the ruling relied on portions of *City of Littleton v. Z.J. Gifts D-4, L.L.C.*, 541 U.S. 774 (2004), that are *dicta*. The defendant City resisted the plaintiff's motion to reconsider or amend on August 17,

2006 (docket no. 140). The City argues that the court properly held that the plaintiff had conceded that only rational basis scrutiny applies to non-media provisions of the ordinances in question, but that, in any event, the plaintiff has failed to present any legal basis for a higher level of scrutiny. The City also contends that the court properly relied on *City of Littleton* in its disposition of the question of the constitutionality of the "civil disability" provision and that the issue was fully presented and briefed by the parties.

The court set forth the standards applicable to a motion to reconsider a summary judgment ruling in the July 21, 2006, order, as follows:

> In *Wells' Dairy, Inc. v. Travelers Indemnity Company of Illinois*, 336 F. Supp. 2d 906 (N.D. Iowa 2004), this court found that Rule 54(b) provides authority for a court to reconsider any interlocutory order, including a prior ruling on a motion for summary judgment. *Wells' Dairy, Inc.*, 336 F. Supp. 2d at 909 (citing cases). Rule 54(b) provides that, unless the court certifies the order for interlocutory appeal, "any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." FED. R. CIV. P. 54(b) (emphasis added). This court also noted, "The exact standard applicable to the granting of a motion under Rule 54(b) is not clear, though it is typically held to be less exacting than would be [applicable to] a motion under Federal Rule of Civil Procedure 59(e), which is in turn less exacting than the standards enunciated in Federal Rule of Civil Procedure 60(b)." *Wells' Dairy, Inc.*, 336 F. Supp. 2d at 909. Moreover, this court has repeatedly held that it has the inherent power to reconsider and revise any interlocutory order, such as a summary judgment ruling, up until the time that a final judgment is entered. *Id.* (citing *Kaydon Acquisition Corp. v. Custum Mfg., Inc.*, 317 F. Supp. 2d 896, 903 (N.D. Iowa 2004); Helm Financial Corp.

v. Iowa N. Ry. Co., 214 F. Supp. 2d 934, 999 (N.D. Iowa
2002); and Longstreth v. Copple, 189 F.R.D. 401, 403 (N.D.
Iowa 1999)). Thus, the court finds that it has authority to
reconsider its ruling on the prior round of summary judgment
motions.

The question then becomes, what standards apply on
such reconsideration? While the standards for reconsideration
of interlocutory orders may be less "exacting" than the
standards for reconsideration of final orders under Rules 59(e)
and 60(b), this court has held that the court should "look to the
kinds of consideration under those rules for guidance." *Id.*
(citing *Bragg v. Robertson*, 183 F.R.D. 494, 496 (S.D. W.Va.
1998)). . . . Under Rule 59(e), a judgment may be amended
to correct "clearly" or "manifestly" erroneous findings of fact
or conclusions of law. *See, e.g., Hagerman v. Yukon Energy
Corp.*, 839 F.2d 407, 414 (8th Cir. 1988); *Baker v. John
Morrell & Co.*, 266 F. Supp. 2d 909, 919 (N.D. Iowa 2003).
Similarly, the court concludes that it has the authority to
"reconsider" its prior summary judgment ruling in this case to
correct any "manifest" errors of law or fact.

*Doctor John's, Inc.*, 438 F. Supp. 2d at 1027. These standards are applicable here to the
plaintiff's motion to reconsider or amend.

The court concludes that the plaintiff has not identified any "clearly" or
"manifestly" erroneous finding of facts or conclusions of law. *Id.* First, while plaintiff's
counsel may wish to retreat from concessions that he made during the oral arguments on
the second round of summary judgment motions, the court stands by its finding that
plaintiff's counsel conceded that only "rational basis" scrutiny is applicable to the "non-
media" provisions, but nevertheless maintained that the "non-media" provisions fail even
this low level of scrutiny. *See id.* at 1029 & 1033. Moreover, the City is correct that the
plaintiff has failed again, as it did prior to the July 21, 2006, ruling on the second round
of summary judgment motions, to present any controlling or legally persuasive authority
for a higher level of scrutiny for such provisions. Although the court observed that it had

"considerable doubt that the 'non-media' provisions of the January 2004 Amendments could pass constitutional muster under a heightened level of scrutiny applicable to ordinances that impinge a fundamental right," *id.* at 1033, that observation was by no means a suggestion that any heightened level of scrutiny is actually applicable to the ordinances in question. The "non-media" provisions of the ordinances in question are subject only to rational basis scrutiny and, for the reasons stated in the court's prior ruling, with specific exceptions identified in that ruling, those provisions survive such scrutiny.

Second, the court finds the plaintiff's contention that it did not have a full and fair opportunity to argue the constitutionality of the "civil disability" provision to be disingenuous at best. The question was fully briefed and argued, and the plaintiff first cited *City of Littleton* in its own response to the City's motion for summary judgment on the "civil disability" provision. Thus, the plaintiff could hardly claim surprise when the City and the court relied on a decision that the plaintiff had already cited.

Nor is this court persuaded by the plaintiff's contention that the parts of the *City of Littleton* decision on which this court principally relied are *dicta*. *See Doctor John's, Inc.*, 438 F. Supp. 2d at 1054-55 (relying on *City of Littleton*, 541 U.S. at 783-84, to hold that the plaintiff's "censorship" and "prior restraint" arguments concerning the "civil disability" provisions failed). In *City of Littleton*, the Supreme Court was primarily concerned with the adequacy of a state's "ordinary" judicial review procedures for a licensing scheme for "adult businesses." *See City of Littleton*, 541 U.S. at 776. However, a principal basis for finding that "ordinary" judicial review of the ordinance in question was adequate was precisely that the ordinance did not seek to *censor* material. *See id.* at 783. Thus, the Court's holding that the ordinance in question did not seek to censor material and, instead, applied "reasonably objective, nondiscretionary criteria unrelated to the content of the expressive materials that an adult business may sell or display," was

integral to its further holding that only "ordinary" judicial review was required. *Id.* at 783-84. Thus, *City of Littleton* does stand for the proposition that an ordinance with such characteristics does not censor material.

This court also stands by its conclusion that, like the provision upheld in *City of Littleton*, the "civil disability" provision here employs objective criteria that are simple enough to apply and review and that are, consequently, unlikely to suppress totally the presence of any specific item of adult material in Sioux City, and its further conclusion that the "civil disability" provision is not even a prior restraint upon the expression of any *individual*, because it imposes only a reasonable time limitation (five years) upon the individual's expression in a certain forum, operation of an adult entertainment business. *Doctor John's, Inc.*, 438 F. Supp. 2d at 1054 (citing *City of Littleton*, 541 U.S. at 783). Doctor John's still has not even attempted to show that the provision is unconstitutional as applied to any individual, because Doctor John's has not shown that any individual who would be prevented from obtaining a license under these provisions would be precluded from pursuing other avenues of expression.

THEREFORE, the plaintiff's July 31, 2006, Motion To Reconsider Or Amend Judgment Or Order Filed July 21, 2006 (docket no. 137) is **denied** in its entirety.

**IT IS SO ORDERED.**

**DATED** this 17th day of October, 2006.

MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA