## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| DOCTOR JOHN'S, INC., an Iowa corporation, | |
| Plaintiff, | No. C03-4121-MWB |
| vs. | **ORDER ON PRODUCTION OF DOCUMENTS** |
| CITY OF SIOUX CITY, IOWA, | |
| Defendant. | |

_____

The court has completed its *in camera* review of the documents identified on the City's privilege log.[1] In the privilege log, the City objects to the production of forty-nine documents on the basis of the attorney-client privilege, the attorney work product privilege, or both.

State law applies to attorney-client privilege claims. "The attorney-client privilege protects against the disclosure of '[a]ny confidential communication between an attorney and the attorney's client . . . against the will of the client.'" *Brandon v. West Bend Mut. Ins. Co.*, 681 N.W.2d 633, 639 (Iowa 2004) (citing *Squealer Feeds v. Pickering*, 530 N.W.2d 678, 684 (Iowa 1995). Under Iowa law, "A practicing attorney . . . shall not be allowed, in giving testimony, to disclose any confidential communication properly entrusted to the person in the person's professional capacity, and necessary and proper to enable the person to discharge the functions of the person's office according to the usual course of practice or discipline." Iowa Code § 622.10.

In *In re County of Erie*, --- F.3d ----, 2007 WL 12024 (2nd Cir., Jan. 3, 2007), the court addressed the question of "whether the attorney-client privilege protects

---

[1]The privilege log appears in the court file at Docket No. 150-4.

communications that pass between a government lawyer having no policymaking authority and a public official, where those communications assess the legality of a policy and propose alternative policies in that light." *Id.* at *2. The court held "the traditional rationale for the [attorney-client] privilege applies with special force in the government context. It is crucial that government officials, who are expected to uphold and execute the law and who may face criminal prosecution for failing to do so, be encouraged to seek out and receive fully informed legal advice." *Id.* at *4.

The attorney-client privilege is waived by the voluntary disclosure of privileged communications. *See Miller v. Continental Ins. Co.*, 392 N.W.2d 500, 504-05 (Iowa 1986); *PaineWebber Group, Inc. v. Zinsmeyer Trusts Partnership*, 187 F.3d 988, 992 (8th Cir. 1999) (citing *United States v. Workman*, 138 F.3d 1261, 1263 (8th Cir. 1998)). In addition, the so-called "crime fraud exception" may defeat the privilege. As the Eighth Circuit Court of Appeals held in *In re BankAmerica Corp. Securities Litigation*, 270 F.3d 639 (8th Cir. 2001):

> The attorney-client privilege encourages full and frank communication between attorneys and their clients so that clients may obtain complete and accurate legal advice. But the privilege protecting attorney-client communications does not outweigh society's interest in full disclosure when legal advice is sought for the purpose of furthering the client's on-going or future wrongdoing. Thus, it is well established that the attorney-client privilege "does not extend to communications made for the purpose of getting advice for the commission of a fraud or crime." *United States v. Zolin*, 491 U.S. 554, 563, 109 S. Ct. 2619, 105 L. Ed. 2d 469 (1989) (quotation omitted).

*Id.*, 270 F.3d at 641.

Furthermore, an attorney's communication must be "made for the purpose of obtaining or providing legal advice." *Erie*, 2007 WL 12024 at *4 (citing *United States v. Constr. Prod. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996)). "The party seeking to

2

assert the privilege must show that the particular communication was part of a request for advice or part of the advice, and that the communication was intended to be and was kept confidential." *Hinsdale v. City of Liberal, Kansas*, 961 F. Supp. 1490, 1494 (D. Kan. 1997).

Federal law applies to attorney work product privilege claims. *Baker*, 209 F.3d at 1053. The *Baker* court defined the work-product privilege as follows:

> There are two kinds of work product -- ordinary work product and opinion work product. Ordinary work product includes raw factual information. *See Gundacker v. Unisys Corp.*, 151 F.3d 842, 848 n.4 (8th Cir. 1998). Opinion work product includes counsel's mental impressions, conclusions, opinions or legal theories. *See id.* at n.5. Ordinary work product is not discoverable unless the party seeking discovery has a substantial need for the materials and the party cannot obtain the substantial equivalent of the materials by other means. *See* Fed. R. Civ. P. 26(b)(3). In contrast, opinion work product enjoys almost absolute immunity and can be discovered only in very rare and extraordinary circumstances, such as when the material demonstrates that an attorney engaged in illegal conduct or fraud. *See In re Murphy*, 560 F.2d 326, 336 (8th Cir. 1977).

*Baker*, 209 F.3d at 1054.

"The work product privilege is designed to promote the operation of the adversary system by ensuring that a party cannot obtain materials that his opponent has prepared in anticipation of litigation." *Pittman v. Frazer*, 129 F.3d 983, 988 (8th Cir. 1997). The party seeking protection for work-product materials has the burden of showing that the materials were prepared in anticipation of litigation. *See PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP*, 305 F.3d 813, 817 (8th Cir. 2002) (citing *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1118-19 (7th Cir. 1983)).

Keeping these principles in mind, the court rules as follows with respect to the documents identified on the privilege log. In making the following rulings, the court notes

that some of the communications to and from lawyers associated with this case had nothing to do with "the purpose of obtaining or providing legal advice" to the City. *See Erie*, 2007 WL 12024 at *4 (citing *United States v. Constr. Prod. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996)). Rather, the documents related to the lawyers' personal opinions regarding the defendant's business. In those situations, no privilege applies. *Id.*

In addition, many of the documents were disseminated to persons other than the addressees. The court has attempted, on this evening before trial, to determine the identities of many of these individuals and their connection with the defendant. To the extent documents were disseminated to persons the court has been unable to identify as employees or attorneys of the City, the court finds any claim of privilege has been waived. *See Erie*, at *4 (party invoking attorney-client privilege must show, *inter alia*, that communication "was intended to be and was in fact kept confidential").

**Where this order indicates a document "will be produced," or "will be produced in redacted form," the documents will be produced to the plaintiff's counsel prior to trial on Friday morning. The documents will be available for counsel to pick up at Judge Zoss's chambers after 8:15 a.m.**

1) This document was authored by City Planner Brent Nelson, proposing ordinance amendments for adult entertainment businesses. The document apparently was distributed at a closed meeting of the City Council. On its face, the document is not protected by any privilege, and it will be produced.

2) This is an e-mail between attorneys for the City, and is protected by the work-product privilege. It need not be produced.

3) This document is not protected by any privilege, and will be produced.

4) This document is protected by the attorney-client privilege, and need not be produced.

5) This document is protected by the attorney-client privilege, and need not be produced.

6) This document was authored by City Planner Nelson, and apparently was distributed at a closed meeting of the City Council. On its face, the document is not protected by any privilege, and it will be produced.

7) This document was authored by City Planner Nelson, and apparently was distributed at a closed meeting of the City Council. On its face, the document is not protected by any privilege, and it will be produced.

8) This document is protected by the attorney-client privilege, and need not be produced.

9) This document is protected by the attorney-client and work-product privileges, and need not be produced.

10) This document is not protected by any privilege, and will be produced.

11) This document was sent to the City Attorney by a City Planner, but also was sent to others. Any privilege has been waived. The document will be produced.

12) This document was sent to the City Attorney by a City Planner, but also was sent to others. Any attorney-client privilege has been waived. The document will be produced.

13) This document does not appear to be protected by any privilege, and will be produced.

14) This document is protected by the attorney-client and work-product privileges, and need not be produced.

15) This document is protected by the attorney-client and work-product privileges, and need not be produced.

16) This document is protected by the attorney-client and work-product privileges, and need not be produced.

17) This document is protected by the work-product privilege, and need not be produced.

18) This document is protected by the attorney-client and work-product privileges, and need not be produced.

19) This document was sent to the City Attorney by a City Planner, but also was sent to others. Any privilege has been waived. The document will be produced.

20) This document was sent to the City Attorney by a City Planner, but also was sent to others. Any privilege has been waived. The document will be produced.

21) This document is not protected by any privilege, and will be produced.

22) This document is not protected by any privilege, and will be produced.

23) This document is not protected by any privilege, and will be produced.

24) This document is not protected by any privilege, and will be produced.

25) This document was sent to a City Attorney by a City Planner, but also was disseminated to numerous other individuals. Any privilege has been waived and the document will be produced.

26) This document was sent by a City Attorney to a City Planner, but also was sent to another individual. Any privilege has been waived, and the document will be produced.

27) This document is not protected by any privilege, and will be produced.

28) This document is protected by the work-product privilege, and need not be produced.

29) The e-mail dated 10/10/03 is not protected by any privilege, and will be produced. The e-mail dated 10/09/03, appearing at the bottom of the page, is identical to document #28. It need not be produced and will be redacted prior to disclosure.

30) This document is not protected by any privilege, and will be produced.

31) This document is not protected by any privilege, and will be produced.

32) This document is not protected by any privilege, and will be produced.

33) This document is not protected by any privilege, and will be produced.

34) This document is not protected by any privilege, and will be produced.

35) This document is not protected by any privilege, and will be produced.

36) This document is not protected by any privilege, and will be produced.

37) This document is protected by the attorney-client and work-product privileges, and need not be produced.

38) This document is protected by the attorney-client and work-product privileges, and need not be produced.

39) This document is protected by the attorney-client and work-product privileges, and need not be produced.

40) This document is protected by the attorney-client and work-product privileges, and need not be produced.

41) This document is protected by the attorney-client and work-product privileges, and need not be produced.

42) This document is protected by the attorney-client and work-product privileges, and need not be produced.

43) This document is protected by the attorney-client and work-product privileges, and need not be produced.

44) This document is protected by the attorney-client and work-product privileges, and need not be produced.

45) This document was sent to the City Attorney by a City Planner, but was sent to others. Any privilege has been waived. The document will be produced.

46) This document is not protected by any privilege, and will be produced.

47) This document is protected by the attorney-client and work-product privileges, and need not be produced.

48) This document was sent to the City Attorney by a City Planner, but was sent to others. Any privilege has been waived. The document will be produced.

49) This document is protected by the work-product privilege, and need not be produced.

**IT IS SO ORDERED.**

**DATED** this 25th day of January, 2007.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT