IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

DOCTOR JOHN'S, INC., an Iowa Corporation,

    Plaintiff,

vs.

CITY OF SIOUX CITY, IOWA, and PAUL ECKERT, in his official capacity as City Manager,

    Defendants.

No. C 03-4121-MWB

**ORDER REGARDING SANCTIONS FOR THE CITY'S DESTRUCTION OF RELEVANT RECORDS**

_____

By order dated May 1, 2007 (docket no. 213), the court dismissed this case in its entirety, with prejudice, upon the parties' settlement and Stipulation Of Dismissal (docket no. 211). However, the court stated in the order dismissing the case that it would retain jurisdiction over the question of whether or not sanctions should be imposed upon the City for destruction, during the pendency of litigation, of relevant records, which consisted of recordings of closed sessions of the City Council concerning the ordinances challenged in this case. *See, e.g., Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990); *Perkins v. General Motors Corp.*, 965 F.2d 597 (8th Cir. 1992). Thereafter, on May 2, 2007, the court held a conference with counsel for the parties, with a court reporter present, to discuss the remaining sanctions question. On May 3, 2007, the court also received a letter from counsel for the City clarifying changes made to the City's policy regarding retention of recordings of closed sessions of the City Council. The court deems the question of sanctions fully submitted.

A first year law student should have—and most would have—known that a party must retain documents or records that are likely to be relevant in pending litigation. The City's claim that it was simply following state law in destroying key evidence is laughable and frivolous. No state or federal statute, rule, or common law allows a party to destroy critical evidence during the pendency of litigation, and the City policy that *permitted* destruction of certain documents after a specified period of time certainly did not *require* destruction of such documents.

Indeed, both state and federal law require just the opposite, retention of evidence potentially relevant to pending or reasonably anticipated litigation. *See, e.g., Dillon v. Nissan Motor Co., Ltd.*, 986 F.2d 263, 268 (8th Cir. 1993) ("[T]he destruction of evidence that a party knew or should have known was relevant to imminent litigation certainly justifies a sanction under the court's inherent power comparable to the Rule 37 sanctions."); *see also Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001) ("The duty to preserve material evidence arises not only during litigation but also extends to that period before litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation."); *Fujitsu Ltd. v. Federal Express Corp.*, 247 F.3d 423, 436 (2d Cir. 2001) ("The obligation to preserve evidence arises that when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation."); *Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998) (the obligation to preserve evidence arises when a party "should have known that the evidence may be relevant to future litigation"); *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216 (S.D.N.Y. 2003) ("The duty to preserve attached at the time that litigation was reasonably anticipated."); *see also E*TRADE Sec. LLC v. Deutsche Bank AG*, 230 F.R.D. 582, 588 (D. Minn. 2005).

2

Thus, the City's failure to preserve the tape recordings of the City Council's closed-session meetings, and the consequential destruction of critical evidence in this case, was clearly and unquestionably improper conduct.

Moreover, the court has the inherent power to sanction such improper conduct subject to review for abuse of discretion. *See Stevenson v. Union Pac. R.R. Co.*, 354 F.3d 739, 745 (8th Cir. 2004). As the Eighth Circuit Court of Appeals has explained,

> A court's inherent power includes the discretionary "ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers [v. NASCO, Inc.]*, 501 U.S. [32,] 44-45, 111 S. Ct. 2123 [(1991)]. . . . "[W]hether the extent of a sanction is appropriate is a question peculiarly committed [*746] to the district court." *Dillon*, 986 F.2d at 268.

*Stevenson*, 354 F.3d at 745-46. Thus, the court must determine whether and what sanctions are appropriate for the City's improper destruction of records in this case.

The Eighth Circuit Court of Appeals has recognized that, under a court's inherent power to sanction parties, "a finding of bad faith is not always necessary to the court's exercise of its inherent power to impose sanctions." *Id.* at 745 (citing *Dillon*, 986 F.2d at 267, and also citing *Harlan v. Lewis*, 982 F.2d 1255, 1260 (8th Cir. 1993), as noting that the bad faith requirement does not extend "to every possible disciplinary exercise of the court's inherent power"). In *Stevenson*, however, the court concluded that a finding of "bad faith" is required to impose sanctions in the form of an adverse inference instruction or award of attorney fees to the opposing party. *See id.* at 746-51 (abrogating a "knew or should have known that the documents would become material and should be preserved" standard in the context of the adverse inference instruction). Consequently, this court will assume that a finding of "bad faith" is required to impose other monetary sanctions.

3

Here, a substantial monetary sanction against the City is easily justified by the City's outrageous conduct in failing to preserve the key evidence of recordings of closed-session meetings. That conduct was of a kind that "abuses the judicial process" and "defile[s] 'the temple of justice,'" *see id.* at 751 (quoting *Chambers*, 501 U.S. at 46), because it went to the very heart of the plaintiff's ability to prove the City's motivation in passing the challenged ordinances. Moreover, the circumstances give rise to a powerful inference of intentional destruction indicating a desire to suppress the truth, notwithstanding the City's contention that the records were destroyed pursuant to a document retention policy. *See id.* at 746-47.

More specifically, as noted above, the contention that the document retention policy mandated by state law excused destruction of the records in question is laughable and frivolous, because that policy plainly did not *require* the destruction of any documents, and certainly did not *authorize* the destruction of records pertinent to pending litigation. Moreover, purported adherence to the policy by destroying records that the policy did not mandate for destruction was unreasonable and amounted to bad faith conduct where litigation was pending. *See id.* at 747. Indeed, this case seems to this court to fall well within, not to test the limits of, conduct that constitutes bad faith destruction of documents, where the City had not simply been made aware of the circumstances giving rise to a potential lawsuit, *but was in the throes of litigating a lawsuit* over the constitutionality of its sex shop ordinances at the time that it destroyed records of closed sessions in which the City Council considered those ordinances. *Cf. id.* (evidence was destroyed after the defendant became aware of the potential for a lawsuit). Moreover, while the City destroyed these records, the City went out of its way to provide evidence and even to generate new evidence to try to justify the ordinances long after they were passed, enjoined, and partially struck down. *Cf. id.* (the defendant managed to retain helpful

4

evidence, while it destroyed potentially damaging evidence). Finally, the recordings of the closed sessions in question here were the only contemporaneous evidence of the motives of the decision makers at the time certain decisions were made, and as such—where the motives of the decision makers were plainly at issue—the evidence was highly relevant to *pending* litigation. *Cf. id.* at 748 (the destroyed recordings were the only contemporaneous evidence of conversations of a train crew involved in an accident and, thus, such evidence "will always be highly relevant to potential litigation" over the accident).

To the same extent and for essentially the same reasons that the court finds that the City's conduct in destroying the records in question was in "bad faith," the court also finds that such conduct was prejudicial to the plaintiff. *See id.* ("There must be a finding of prejudice to the opposing party before imposing a sanction for destruction of evidence."). Again, the City's motive in passing the challenged ordinances was a critical element of the plaintiff's proof, and the City's destruction of contemporaneous recordings of closed sessions of City Council meetings in which the ordinances were discussed patently prejudiced the plaintiff's ability to prove that critical element.

In this case, the court finds that **a monetary sanction in the amount of $50,000 is warranted** for the City's destruction of plainly relevant records. *See Stevenson*, 354 F.3d at 745 (a court's inherent power includes the discretionary ability to fashion an appropriate sanction for conduct which abuses the judicial process).

On the other hand, because of the City's ill-conceived, illegal, and unconstitutional actions in targeting and attempting to trample the plaintiff's First Amendment rights, the taxpayers have already paid dearly, to the tune of over $600,000. No matter how you fry it, that's a ton of Sneaky's chicken. Also, notwithstanding various City Council Members' attempts to save face by claiming that the City would have ultimately prevailed in this

litigation—just how those City Council Members became such enlightened, sophisticated, and prophetic federal constitutional scholars remains a prodigious mystery—the City and Doctor John's have worked diligently to reach a settlement. In so doing, both sides engaged in substantial compromise from their equally unreasonable legal positions. Moreover, the City Council has voluntarily and wisely changed its record retention policy to prevent the destruction of such evidence in the future during pending litigation. Thus, having recognized the error of its ways, the City moved swiftly to correct its mistake.

Balancing all of these factors, the court finds that the scales of justice tip ever so slightly in favor of **declining to impose sanctions** against the City for destruction of relevant records. Any similar litigation misconduct in the future, however, will be dealt with severely, in light of the City's "get out of jail free" card here.

**IT IS SO ORDERED.**

**DATED** this 17th day of May, 2007.

*[signature: Mark W. Bennett]*

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA